## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL FOSCHINI,                    :        Civil No. 3:19-cv-1002

          Petitioner          :        (Judge Mariani)

v.                                   :

BARRY SMITH, et al.,                 :

          Respondents         :

FILED
SCRANTON

OCT 1 2 2022

PER _____
DEPUTY CLERK

### MEMORANDUM

Petitioner Michael Foschini ("Foschini") filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the

Court of Common Pleas of Luzerne County, Pennsylvania.  (Doc. 1).  For the reasons

discussed below, the Court will deny the petition.

## I.    Background

On January 19, 2019, Foschini pled guilty to aggravated assault, reckless

endangerment, and possession of a small amount of marijuana at docket 366 of 2015.  *See*

*Commonwealth v. Foschini*, No. CP-40-CR-0000366-2015 (Pa. Ct. Com. Pl. Luzerne Cty.).

On April 4, 2016, Foschini was sentenced at docket 366 of 2015 to three to six years'

imprisonment on count 1 and thirty days' probation on counts 5 and 6.  *Id.*  Foschini did not

file a direct appeal.  *Id.*

On March 22, 2016, Foschini pled guilty to kidnapping and rape at docket 3736 of

2015, and kidnapping, rape, and involuntary deviate sexual intercourse at docket 3737 of

2015. *Commonwealth v. Foschini*, Nos. CP-40-CR-0003737-2015, CP-40-CR-0003736-2015 (Pa. Ct. Com. Pl. Luzerne Cty.). On April 4, 2016, Foschini was sentenced at docket 3736 of 2015 to three to six years' imprisonment on count 1, and five to ten years' imprisonment on count 2. *Id.* Additionally, at docket 3737 of 2015, Foschini was sentenced to three to six years' imprisonment on count 1, five to ten years' imprisonment on count 3, and five to ten years' imprisonment on count 7. *Id.* The court ran the sentences consecutively, resulting in an aggregate term of imprisonment of 24 to 48 years. Foschini did not file a direct appeal. *Id.*

On March 9, 2017, Foschini filed a counseled petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, challenging his sentence at dockets 3736 of 2015 and 3737 of 2015. (Doc. 27-1, pp. 21-31). In the PCRA petition, Foschini asserted that his trial counsel's ineffectiveness invalidated his decision to plead guilty. (*Id.*). On October 12, 2017, following a hearing, the PCRA court denied the petition. (Doc. 27-1, pp. 32-44). Foschini filed an appeal to the Pennsylvania Superior Court. (Doc. 27-1, p. 45). On November 9, 2018, the Pennsylvania Superior Court affirmed the denial of post-conviction relief. *Commonwealth v. Foschini*, 1640 MDA 2017, 2018 WL 5856732 (Pa. Super. Nov. 9, 2018). Foschini filed a petition for allowance of appeal with the Pennsylvania Supreme Court. (Doc. 27-1, pp. 135-148). On May 30, 2019, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Foschini*, 788 MAL 2018 (Pa. May 30, 2019).

On June 13, 2019, Foschini filed a *pro se* PCRA petition asserting that he is eligible

for relief pursuant to Section 9543(a)(2)(ii) (pertaining to the "[i]neffective assistance of

counsel which, in the circumstances of the particular case, so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken

place."). (Doc. 27-1, pp. 167-179). The PCRA court appointed counsel. The PCRA court

noted that Foschini was challenging his sentence at dockets 3736 of 2015 and 3737 of 2015

and, for the first time, Foschini was challenging his sentence at docket 366 of 2015. (Doc.

27-1, pp. 180-185). Appointed counsel subsequently filed a no-merit letter, and the PCRA

court permitted counsel to withdraw. (*See* Doc. 27-1, pp. 192-193).

On October 10, 2019, the PCRA court filed a notice of intent to dismiss the petition

as to dockets 3736 of 2015 and 3737 of 2015. (Doc. 27-1, pp. 180-85). On December 10,

2019, the PCRA court entered an order dismissing Foschini's petition as to dockets 3736 of

2015 and 3737 of 2015. (Doc. 27-1, p. 190). On January 6, 2020, the PCRA court filed a

notice of intent to dismiss the petition as to docket 366 of 2015. (Doc. 27-1, pp. 191-94).

On February 12, 2020, the PCRA court dismissed the petition as untimely as to docket 366

of 2015. (Doc. 27-1, p. 216). Foschini filed an appeal to the Pennsylvania Superior Court

as to all three dockets. *Commonwealth v Foschini*, 363 MDA 2020 (Pa. Super. 2020). On

February 9, 2021, the Pennsylvania Superior Court issued two separate opinions affirming

the PCRA court's dismissals of the petition—one opinion addressed Foschini's appeal as to

dockets 3736 of 2015 and 3737 of 2015, and the other opinion addressed Foschini's appeal

as to docket 366 of 2015.  (Doc. 27-1, pp. 317-333, *Commonwealth v. Foschini*, 363 MDA 2020 (Pa. Super. Feb. 9, 2021); *Commonwealth v. Foschini*, 20 MDA 2020, 21 MDA 2020, 2021 WL 461609 (Pa. Super. Feb. 9, 2021)).  Foschini did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Foschini filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).

## II.    Habeas Claims Presented for Federal Review

Foschini seeks habeas relief based on the following grounds:

A.    Ground One:  Trial counsel was ineffective because he guaranteed Foschini a sentence lower than the sentence he actually received, thus making his guilty plea involuntary.

B.    Ground Two:  PCRA counsel was ineffective for failing to obtain records of trial counsel's visits to the county jail for meetings with Foschini.

(Doc. 1).

## III.    Docket 366 of 2015

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state

prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of

limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>
>> (A)  the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>
>> (B)  the date on which the impediment to filing an application created
>> by State action in violation of the Constitution or laws of the United
>> States is removed, if the applicant was prevented from filing by
>> such State action;
>
>> (C)  the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>
>> (D)  the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under

the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final

until appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*,

264 F.3d 310, 314 (3d Cir. 2001).

Foschini was sentenced on April 4, 2016.  No direct appeal was filed.  Therefore, his judgment of sentence became final on May 4, 2016.  *See* PA. R. APP. P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."); *see also Nara*, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A).  Thus, Foschini had one year after his sentence became final to file his federal habeas petition.  The AEDPA statute of limitations under § 2254(d)(1)(A) expired on May 4, 2017.  However, Foschini did not file the instant petition until June 10, 2019, approximately two years after the expiration of the statute of limitations.  Therefore, the instant petition challenging docket 366 of 2015 must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.[1]

## A.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court.  *See* 28 U.S.C. § 2244(d)(2).  Here, the statute of limitations began running on May 4, 2016 and, absent any tolling, would expire on May 4, 2017.  Although Foschini filed a PCRA petition in state court as to docket 366 of 2015, he failed to toll the statute of limitations for filing his federal habeas petition because the PCRA petition was not properly filed.  As stated, § 2244(d)(2) tolls the one-year statute of limitations with respect to the

---

[1]    Respondents concede that the portion of the habeas petition challenging issues related to dockets 3736 of 2015 and 3737 of 2015 is timely.  (Doc. 27, p. 8).

"time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application is "properly filed" for statutory tolling purposes "when its delivery and acceptance are in compliance with the [state's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Foschini filed his PCRA petition challenging docket 366 of 2015 in June of 2019, after the expiration of the one-year grace period. Because this PCRA petition was untimely, it did not properly toll the AEDPA statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (holding that PCRA petition had no effect on tolling because "the limitations period had already run when it was filed"). Indeed, Foschini's PCRA petition was dismissed by the state courts as untimely. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *See id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See id.* at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed,'" and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly, Foschini is not entitled to statutory tolling for the period during which his second PCRA petition, as to docket 366 of 2015, was pending. As a result, absent equitable tolling or the applicability of the actual innocence

exception, Foschini's federal habeas petition, challenging docket 366 of 2015, is two years late.

### B.   Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from

asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Foschini fails to present sufficient evidence to account for his delay in seeking federal habeas relief from this Court. Moreover, Foschini does not indicate that extraordinary circumstances obstructed his pursuit of such relief. Finally, Foschini advances no claim of actual innocence or the discovery of new evidence that would support such a finding. Even more compelling is that Foschini pled guilty to aggravated assault,

reckless endangerment, and possession of a small amount of marijuana.  Any claim of

actual innocence is belied by Foschini's admission of guilt.  *See, e.g.*, *Woldsmit v. Mooney*,

2016 WL 2940449, at \*4 (E.D. Pa. Mar. 8, 2016), *report and recommendation adopted*,

2016 WL 2897412 (E.D. Pa. May 18, 2016) (noting that courts have rejected actual

innocence where the petitioner pled guilty to the offense); *Williams v. Holland*, 2014 WL

1385192, at \*4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based

on *McQuiggin* where he pled guilty to the offenses).  Accordingly, the Court concludes that

there is no basis for the limitations period to be equitably tolled in this matter as to any

issues related to docket 366 of 2015.

## IV.  Dockets 3736 of 2015 and 3737 of 2015

### A.  Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in

state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  A habeas corpus petition pursuant to §

2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his

confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973).  "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 116 L.Ed.2d 385 (1991).  Rather, federal habeas review is restricted to claims based

"on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### 1.    *Exhaustion*

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[2] Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the

---

[2]    In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

state courts in a manner that puts them on notice that a federal claim is being asserted."

*McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d

187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner

presents the same factual and legal basis for the claim to the state courts).  While the

petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404

U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity

to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting

those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865

(1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

> ###   2.   *Merits Standard*

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v.*

13

*Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction."  *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]).  Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief.  *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination.  *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

### 3.    *Ineffective Assistance of Counsel Standard*

The Sixth Amendment right to counsel is the right to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  This right to effective assistance of counsel also extends to the first appeal.  *Lewis v. Johnson,* 359 F.3d 646, 656 (3d Cir. 2004).  In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel.  *Strickland*, 466 U.S. at 687-88.  A petitioner must demonstrate: (1) that his

---

[3]    "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."  28 U.S.C. § 2254(f).

counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue,

and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different.  *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test.  *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one.  *Strickland*, 466 U.S. at 697.

## B.    Discussion

### 1.    *Ineffectiveness of Trial Counsel*

Foschini argues that trial counsel was ineffective during the guilty plea colloquy by guaranteeing him a lower sentence than he actually received.  Therefore, Foschini argues that the plea cannot be considered knowingly and voluntarily entered into.  The claim raised here essentially mirrors the claim raised in the first PCRA proceeding.  *Commonwealth v. Foschini*, 2018 WL 5856732.  In his first PCRA petition, Foschini asserted that guilty plea counsel was ineffective by inducing his plea by guaranteeing a shorter sentence.  The PCRA court found that counsel made no such promise and denied the petition.  Upon review, the Pennsylvania Superior Court affirmed the decision of the PCRA court.

In evaluating trial counsel's effectiveness, the Superior Court focused on whether the underlying claim, the validity of the guilty plea, had arguable merit.  The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice

16

among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A guilty plea may be constitutionally infirm if a defendant failed to understand the constitutional rights he was waiving by pleading guilty or had an incomplete understanding of the charges lodged against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). *See also Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (noting that plea must be made with "sufficient awareness of the relevant circumstances and likely consequences"). Significantly, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Initially, the Superior Court recited the following standards of review:

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (quotation marks and citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

In assessing the voluntariness of a guilty plea, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000,

1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted, brackets in original).  "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

*Commonwealth v. Foschini*, 2018 WL 5856732, at *2.  These standards of review wholly comport with the Supreme Court standards.

The Superior Court then noted that the PCRA court found that Foschini:

had discussed and reviewed the plea agreement with counsel and had signed the written plea agreement, that he understood the possible range of sentences as well as the applicable statutory maximum penalties, that no one had forced him to plead guilty, and that no one had promised him anything to plead guilty.  When asked if he had any questions for the Court, or if there was anything he did not understand about what he was pleading guilty to, [he] answered in the negative.

*Commonwealth v. Foschini*, 2018 WL 5856732, at *2.  The Superior Court found that "given the [PCRA] court's credibility determinations, our standard of review, and Foschini's failure to object to the court's findings regarding the plea colloquies, we cannot conclude the court abused its discretion or committed an error of law in dismissing Foschini's petition." *Id.* at *3.

In rendering its decision, the PCRA court quoted the plea colloquy transcript and conducted the following in-depth analysis of the colloquy:

In the instant matter, the Defendant specifically indicated during the guilty plea colloquy that he had discussed and reviewed the plea agreement with counsel and had signed the written plea agreement, that he understood the possible range of sentences as well as the applicable statutory maximum penalties, that no one had forced him to plead guilty, and that no one had

promised him anything to plead guilty.  N.T. 3-22-16 at 7-9.  When asked if he
had any questions for the Court, or if there was anything he did not
understand about what he was pleading guilty to, the Defendant answered in
the negative. *Id.* at 10.  In light of this, and the testimony presented by trial
counsel at the PCRA hearing regarding the discussions he had with the
Defendant prior to the guilty plea hearing, this Court is confident that
counsel's advice was within the range of competence demanded of attorneys
in criminal cases, that the Defendant comprehended the crimes for which he
stood accused, that the Defendant had a rational and factual understanding of
the proceedings against him, and that the Defendant understood what the
guilty plea connoted and the consequences of that plea.  Further, we do not
perceive that trial counsel rendered ineffective assistance to the Defendant in
any regard.  This Court did not find credible the Defendant's testimony at the
PCRA hearing regarding the statements allegedly made to him by trial
counsel.  The Defendant has failed to meet his burden of showing that his
guilty plea was involuntarily and unlawfully induced by the ineffective
assistance of trial counsel, and he is thus not entitled to post-conviction relief.

(Doc. 27-1, pp, 95-96).

During the plea hearing, the permissible ranges of the sentences were recited, the

trial court highlighted the relinquishment of various constitutional rights such as the right to a

jury trial, confirmed that Foschini discussed the contents of the written plea agreement with

counsel, and that Foschini executed the agreement with full understanding and understood

the possible ranges of the sentences involved, including the statutory maximum penalties,

and affirmed that there was no reason that Foschini would not understand the proceedings.

(Doc. 27-1, pp. 9-11, Transcript of Guilty Plea Proceeding, March 22, 2016).  During the

guilty plea hearing, Foschini conceded that the crux of the factual basis of the charges to

which he was pleading guilty was:

> [O]n Case Number 3736, that took place on December 13th of 2011. The victim, Nicole Anderson, was taken at knife point by the Defendant, forced into his vehicle. This took place in the City of Wilkes-Barre.
>
> He then drove her from there to a cemetery located in Plymouth Township. That cemetery was closed at the time due to the hour of night that this occurred at. While in there, he forcibly raped Nicole Anderson at knife point.
>
> On Case Number 3737 of 2015, that offense occurred on November 16th of 2012. The victim in that case is Amy Jan VanBlack. The Defendant had offered Miss VanBlack, while in the City of Wilkes-Barre, drugs.
>
> She got into the car. He had told her he was only driving up the road to his house where the drugs would be. He then, instead, locked the car doors and drove her far beyond that again to another cemetery located in Plymouth Township. That cemetery was closed due to the hour of night that this incident occurred at.
>
> He also had threatened her and raped her vaginally as well as orally and anally at knife point in that cemetery.

(Doc. 27-1, p. 10). The PCRA court also noted that Foschini signed a written guilty plea agreement and had discussed the elements of the crimes with his attorney. The PCRA court's finding that Foschini failed to demonstrate that counsel's actions or inactions resulted in him entering an unknowing, unintelligent, and involuntary plea of guilty, is a reasonable application of clearly established federal law.

Whether a guilty plea is voluntary for purposes of the United States Constitution is a question of federal law, but the determination of the historical facts surrounding the plea is subject to the deferential "presumption of correctness" found in Title 28 U.S.C. § 2254(d). *Marshall v. Lonberger*, 459 U.S. 422, 431(1983); *see also Zilich v. Reid*, 36 F.3d 317, 320

(3d Cir. 1994). A habeas petitioner challenging the knowing and voluntary nature of his or her guilty plea faces a heavy burden. *Zilich*, 36 F.3d at 320.

Review of the guilty plea hearing transcript reveals that the PCRA court accurately depicted what transpired during the guilty plea hearing. Foschini indicated that he understood the nature of the charges against him and unequivocally admitted to the crimes. (Doc. 27-1, pp. 9-10). He confirmed that he understood the possible range of sentences as well as the applicable statutory maximum penalties, that no one had forced him to plead guilty, and that no one had promised him anything to plead guilty. (*Id.* at p. 10). Foschini then confirmed that "knowing all of [his] rights and the possible consequences involved in this matter," he still wished to enter a guilty plea. (*Id.* at p. 11). Foschini wholly fails to rebut the presumption of correctness of the facts garnered during the guilty plea proceedings with clear and convincing evidence. The state court's decision is objectively reasonable in light of the evidence in state court and reflects a reasonable determination of the facts.

Based on the above, the Court concludes that the state court's determination that Foschini failed to demonstrate that counsel's actions or inactions resulted in his entering a guilty plea unknowingly or involuntarily was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor did

it result in an unreasonable determination of the facts in light of the testimony elicited during the plea colloquy hearing and the written plea colloquy and agreement.[4]

### 2.   *Ineffectiveness of PCRA Counsel*

Foschini next alleges that PCRA counsel was ineffective for not obtaining prison records that listed his visits with trial counsel.  (Doc. 1, pp. 6-7).  Foschini concedes that he did not exhaust this claim.  (*Id.* at p. 7, 11).  He seeks to have this Court review the merits of the claim under *Martinez v. Ryan*, 566 U.S. 1 (2012).  (Doc. 13, pp. 10-12).

*Martinez* recognized a "narrow exception" to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default.  Specifically, *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 566 U.S. at 9.  To successfully invoke the *Martinez* exception, a petitioner must satisfy two factors: that the underlying, otherwise defaulted, claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit," *id.* at 14; and that petitioner had "no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding.  *Id.* at 17; *see also Glenn v. Wynder*, 743 F.3d 402,

---

[4]   Foschini asserts a change in decisional law, *United States v. Haymond*, 139 S. Ct. 2369 (2019), further supports his ineffective assistance of counsel claim.  (Doc. 23).  *Haymond* addressed whether subsection (k) of the supervised release statute, 18 U.S.C. § 3583, violated the Fifth and Sixth Amendments.  *Haymond*, 139 S. Ct. at 2373-75.  Foschini's reliance on *Haymond* is misplaced.  In *Haymond*, the Supreme Court "emphasized [their] decision is limited to § 3583(k)—an unusual provision enacted little more than a decade ago."  139 S. Ct. at 2383.  This narrow holding does not apply to Foschini, who is a state inmate and was not sentenced under that provision.  Additionally, *Haymond* is not factually analogous to Foschini's state case.

410 (3d Cir. 2014).  Both prongs of *Martinez* implicate the controlling standard for ineffectiveness claims first stated in *Strickland*: (1) that counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687

Foschini claims that PCRA counsel was ineffective for failing to obtain prison records.  This claim does not concern trial counsel ineffectiveness.  *Martinez* specifically addressed claims of ineffective assistance of *trial* counsel which were not raised in the initial post-conviction proceeding.  *Martinez* did not recognize ineffective assistance of PCRA counsel as a ground for habeas relief.  *See Martinez*, 566 U.S. at 16 (stating that its holding does "not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in State's appellate courts") (citation omitted).  Hence, *Martinez* is not available to alleviate the procedural default of Foschini's claim.  Additionally, section 2254(i) clearly forecloses Foschini's ability to assert a standalone claim of ineffective assistance of PCRA counsel.  *See* 28 U.S.C. § 2254(i) ("[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

## V.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Additionally, as the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Foschini fails to demonstrate that a certificate of appealability should issue.

## VI.   Conclusion

The Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 12, 2022